# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL J. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-142 GMS |
| | ) | |
| v. | ) | JURY OF TWELVE DEMANDED |
| | ) | |
| REGIONAL MEDICAL FIRST | ) | |
| CORRECTIONAL, et al., | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANT FCM'S MOTION TO DISMISS

1.     Plaintiff was an inmate in the Delaware correctional system.

2.     Defendant First Correctional Medical, hereinafter "FCM", was the health care provider for the Delaware correctional system from July 1, 2002 through June 30, 2005.

3.     Plaintiff filed his complaint on March 10, 2005, alleging Eighth Amendment violations[1] that occurred while he was incarcerated.  Plaintiff's complaint did not specify the time frame in which the allegations of the complaint occurred and it was not accompanied by an affadivit of merit or a motion to extend the time for filing an affidavit of merit.

4.     Plaintiff filed this suit in 2005 while FCM was still the health care provider for the Delaware correctional system.  D.I. 2.  Defendant FCM was not served until July 19, 2006.  D.I. 13.

### Legal Standards

5.     Pursuant to Rule 4(m), an action "shall be dismissed" as to a defendant who was not

---

[1]Plaintiff has made no specific mention of any Delaware State law medical negligence claim and any such claim that could be inferred is barred for failure to comply with 18 *Del. C.* § 6853 (a)(1)*.  Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

served within 120 days of the filing of the complaint when the party on whose behalf such service was made cannot show good cause why service was not effected in the required period.

6.    There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003) (copy attached as Exhibit 1). Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

7.    Pursuant to 18 *Del. C.* § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

8.    Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

9.    Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson*, mem. order at 2 (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)).

10.    Under these legal standards, defendant FCM submits that dismissal is warranted because (1) without good cause, more than sixteen (16) months passed before service of process was perfected against defendant FCM, (2) plaintiff's complaint fails to state a claim against defendant FCM upon which relief could be recovered, (3) plaintiff failed to file an affidavit of merit or motion to extend the time for filing an affidavit of merit, and (4) plaintiff did not exhaust his administrative remedies.

<u>Plaintiff Has Failed to Serve FCM Within 120 Days</u>

11.    More than sixteen (16) months transpired from the filing of the Complaint in this matter to the service of defendant FCM. Plaintiff has not demonstrated good cause as to why FCM was not served within 120 days. Pursuant to F.R.C.P. 4(m), the Court shall dismiss a suit where the

time for service has exceeded 120 days and there has been no showing of good cause.

<u>Plaintiff has Failed to State a 42 *U.S.C.* § 1983 claim against FCM</u>

12.     Plaintiff has named FCM as a defendant in this matter.  There is no vicarious liability for civil rights actions and thus, pursuant to federal law, the complaint fails to state a 42 *U.S.C.* § 1983 claim against defendant FCM.  *Hyson,* mem. order at 2-3.

<u>Plaintiff has Failed to File an Affidavit of Merit</u>

13.     Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit.  As such, plaintiff's state law claims must be dismissed as a matter of law.  *Jackson*, 380 F. Supp. 2d at 392.

<u>Plaintiff Failed to Exhaust Administrative Remedies</u>

14.     Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action.  Plaintiff asserts that he filed a grievance but states that the result was "n/a".  *See Complaint*.  Therefore, by his own statements, plaintiff establishes that the administrative process was not complete and thus, plaintiff failed to exhaust all administrative remedies.  In the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed.  *Hyson*, mem. order at 3.

<u>Conclusion</u>

15.     For the above reasons, defendant FCM respectfully requests that all claims against it be dismissed with prejudice.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for defendant FCM

Dated: September 18, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL J. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-142 GMS |
| | ) | |
| v. | ) | JURY OF TWELVE DEMANDED |
| | ) | |
| REGIONAL MEDICAL FIRST | ) | |
| CORRECTIONAL, et al., | ) | |
| | ) | |
| Defendants | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I, Dana Spring Monzo, do hereby certify that on this date two copies of *Defendant FCM's*

*Motion to Dismiss* were served via first class mail, postage prepaid, on the following individual:

Paul J. Smith, Pro se
1416 Cowmarsh Creek Road
Camden, DE 19934


/s/  Dana  Spring  Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for defendant FCM

Dated: September 18, 2006

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **PAUL J. SMITH** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 05-142 GMS** |
| | ) | |
| **v.** | ) | **JURY OF TWELVE DEMANDED** |
| | ) | |
| **REGIONAL MEDICAL FIRST** | ) | |
| **CORRECTIONAL, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

<u>**ORDER**</u>

And now this _____ day of _____, 2006, having considered

*Defendant FCM's Motion to Dismiss* and any opposition thereto,

it is HEREBY ORDERED that *Defendant FCM's Motion to Dismiss* is granted.

_____
J.