Not Reported in F.Supp.2d
(Cite as: 2003 WL 292085 (D.Del.))

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.

Michael T. HYSON, Plaintiff,
v.
CORRECTIONAL MEDICAL SERVICES, INC., Robert Hampton, Dr. Canciho and Dr. Rizwan, Defendants.

No. Civ.A. 02-318.

Feb. 6, 2003.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

*1 On April 30, 2002, plaintiff filed this action under 42 U.S.C. § 1983 against Correctional Medical Services, Inc. ("CMS"), Robert Hampton, Dr. Canciho and Dr. Rizwan. (D.I.2) Plaintiff alleges that he was "denied proper and adequate medical treatment." (*Id.*)

Currently before the court is plaintiff's motion for injunctive relief, motion to compel and motion for summary judgment. (D.I.12, 29, 36) Also before the court is CMS's motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim. (D.I.35) For the following reasons, the court shall deny each motion.

II. BACKGROUND

Plaintiff is currently incarcerated in the Delaware Correctional Center. Plaintiff alleges that sometime in February 2001 he slipped in the stairwell of his unit and injured his leg. (D.I.2) He was treated at that time and was informed that x-rays showed no visible injury. Plaintiff alleges continuing pain and visible injury to his leg. (*Id.*) Plaintiff states he was examined several times and each time told that there was no visible injury on the x- rays.

III. DISCUSSION

A. Plaintiff's Motion for Injunctive Relief

Plaintiff requests injunctive relief for outside treatment of his injury and to be reassigned to a bottom bunk. Plaintiff alleges that the Delaware Correctional Center has retaliated against him for this litigation by assigning him a top bunk. Due to his leg injury, plaintiff experiences pain and suffering from having to climb to the top bunk.

"[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances." ' *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988)). In ruling on a a preliminary injunction, this court must consider: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and 4) the public interest. *See Clear Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if all four factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.*, 968 F.2d 371, 374 (3d Cir.1992).

Plaintiff's claim is that he was denied treatment for a serious medical need.

Failure to give adequate medical treatment to prisoners is a constitutional violation when it results from "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). This standard "requires (1) deliberate indifference on the part of prison officials and ... (2) the prisoner's medical needs to be serious." *West v. Keve*, 571 F.2d 158, 161 (3d Cir.1978).

\* \* \*

[The Third Circuit] cases describe acts or omissions that fail to display a serious use of medical judgment. An incidence of negligence or malpractice does not violate the Eighth Amendment. *Estelle*, 429 U.S. at 106. Similarly, a difference of medical opinion between the prison's medical staff and the inmate as to the latter's course of treatment does not support a claim of cruel and unusual punishment. *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.1989).

*2 *Miller v. Correctional Medical Services, Inc.*, 802 F.Supp. 1126, 1130-31 (D.Del.1992).

Under the requisites for injunctive relief, plaintiff has failed to demonstrate a likelihood to succeed on the merits. Plaintiff concedes in his complaint that he has

Not Reported in F.Supp.2d
(Cite as: 2003 WL 292085, *2 (D.Del.))

had at least two sets of x-rays and been seen by at least two different doctors for his injury. Both doctors reported no injury based on the x-rays. Plaintiff, on the other hand, believes he is injured. On the face of the complaint, plaintiff has not shown a deliberate indifference on the part of defendants to serious medical needs. [FN1]

> FN1. Plaintiff claims that his bunk placement is in retaliation for this lawsuit. (D.I. 12 at 1) Courts have "recognized that retaliation claims by prisoners are especially 'prone to abuse.' Due to 'the ease with which retaliation claims may be fabricated, [they] should be] viewed[ed] with skepticism and particular care." ' *Woods v. Goord,* No. 01 Civ. 3255, 2002 WL 31296325, at *7 (S.D.N .Y. Oct. 10, 2002) (quoting *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983); *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995)).

There being no evidence presented regarding either the extent to which defendants will suffer irreparable harm if injunctive relief is granted, or the public interest, the court cannot address those issues. However, it is not necessary to do so, as failure to meet any one of the factors is sufficient to deny relief. Thus, the court denies plaintiff's motion for injunctive relief.

B. Plaintiff's Motion to Compel

Plaintiff has filed a motion to compel CMS to provide the addresses of Robert Hampton, Dr. Canciho and Dr. Rizwan. Although not stated, the court assumes plaintiff desires the addresses to effectuate service of process. [FN2] Plaintiff's motion is granted for the purpose of obtaining addresses to serve process. To the extent CMS is able to provide an address to serve the named defendants, [FN3] it must do so.

> FN2. The court notes that return of service unexecuted has been filed for Drs. Canciho and Rizwan. (D.I.25, 26)

> FN3. The record does not indicate whether the named defendants are currently employed by CMS.

C. Defendant CMS's Motion to Dismiss

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc .,* 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-521 (1972); *Gibbs v. Roman,* 116 F.3d 83, 86 n. 6 (3d Cir.1997); *Urrutia v. Harrisburg County Police Dep't.,* 91 F.3d 451, 456 (3d Cir.1996). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc .,* 926 F.2d 1406, 1409 (3d Cir.1991).

1. Exhaustion of Administrative Remedies

Defendant Correction Medical Services argues that plaintiff did not exhaust his administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). [FN4] Before filing a civil action on a denial of medical services claim, a plaintiff-inmate must exhaust his administrative remedies. *See Booth v. Churner,* 206 F.3d 289, 295 (3d Cir.2000), *cert. granted,* 531 U.S. 956 (2000), *aff'd,* 121 S.Ct. 1819 (2001).

> FN4. The PLRA provides, in pertinent part:
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a).

*3 In the case at bar, the record indicates that plaintiff filed grievance forms on December 12, 2001 and February 24, 2002. (D.I.2) The record does not reflect a resolution of these grievances of the current status. Plaintiff also alleges to have exhausted his administrative remedies. (D.I. 36 at 1) Thus, the court finds that plaintiff has exhausted his administrative remedies. Defendant's motion to dismiss for failure to exhaust administrative remedies is denied.

2. Liability of CMS

As to the liability of CMS, it is an established

principle that, as a basis for liability under 42 U.S.C. § 1983, the doctrine of respondeat superior is not acceptable. *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658 (1978); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Swan v. Daniels*, 923 F.Supp. 626, 633 (D.Del.1995) (applying principle to liability of private corporations that provide medical services for State). Personal involvement by a defendant is essential in a civil rights action. *See Rode*, 845 F.2d at 1207. "Allegations of personal direction or of actual knowledge and acquiescence" are adequate to demonstrate personal involvement. *Id.* Such allegations are required to be "made with appropriate particularity." *Id.* Plaintiff's complaint states "the defendants knew of and were aware of his foot problem, yet ignored administering the adequate and proper treatment[.]" The court finds that, on a motion to dismiss, the complaint is sufficient to allege actual knowledge with the appropriate particularity. Thus, defendant's motion to dismiss is denied.

D. Plaintiff's Motion for Summary Judgment

Plaintiff's motion, although styled as a motion for summary judgment, is an answer to defendant's motion to dismiss. The court has denied defendant's motion to dismiss. As such, plaintiff's motion for summary judgment is denied as moot.

V. CONCLUSION

Therefore, at Wilmington, this 6th day of February, 2003;

IT IS ORDERED that:

1. Plaintiff's motion for injunctive relief (D.I.12) is denied.

2. Plaintiff's motion to compel (D.I.29) is granted. On or before March 5, 2003, defendant Correction Medical Services shall provide plaintiff with the service address for defendants Hampton, Canciho and Rizwan or aver that it does not have such information.

3. Defendant Correctional Medical Service's motion to dismiss (D.I.35) is denied.

4. Plaintiff's motion for summary judgment (D.I.36) is denied as moot.

2003 WL 292085 (D.Del.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works