IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 05-142-GMS | |
| | ) | |
| REGIONAL MEDICAL FIRST | ) | |
| CORRECTIONAL,  MANAGER DCC | ) | |
| ANGELA WILSON, UNKNOWN | ) | |
| MEDICAL DOCTORS, and NURSES | ) | |
| STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I.    BACKGROUND

The plaintiff, Paul J. Smith ("Smith"), an inmate housed at the Delaware Correctional

Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983

alleging that, when he was in the infirmary, he received unknown medications, fell, and cut his

head.  He seeks medical care for his neck, upper and lower back, and head injuries, as well as

compensatory damages.  Pending before the court is the motion to dismiss the complaint of the

defendant, First Correctional Medical ("FCM"), improperly named as Regional Medial First

Correctional.  (D.I. 18.)  Smith did not file a response to the motion to dismiss.  Also pending, is

Smith's motion for appointment of counsel.  (D.I. 21.)

## II.    STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim

upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss

is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the

case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A Rule 12(b)(6) motion should be granted to dismiss a *pro se* complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) Because Smith proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

FCM advances several theories in support of dismissal of the allegations against it. It argues it was not served within 120 days from the filing of the complaint, the complaint fails to state a claim upon which relief may be granted, Smith did not file an affidavit of merit, and

Smith failed to exhaust his administrative remedies. (D.I. 16.)

## III. DISCUSSION

### A. Service

FCM argues that more than sixteen months passed from the filing of the complaint to the time it was served. It contends that Smith has not demonstrated good cause why it was not timely served.

Smith filed his original complaint on March 10, 2005, but the court did not enter a service order until approximately one year later. (D.I. 2, 7.) Smith timely submitted the USM-285 form for FCM in accordance with the court's order, and the complaint with the USM-285 forms were submitted to the U.S. Marshal for service on April 17, 2006. FCM returned the waiver of service on July 19, 2006. (D.I. 13.)

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F.Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

As FCM is aware, Smith proceeds *in forma pauperis* and, therefore, must rely upon the court to issue a service order and the United States Marshal Service to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in

forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Smith had nothing to do with any delay in service. Indeed, he timely complied with all court orders and deadlines. Dismissal for failure to timely serve is not proper. Therefore, the court will deny FCM's motion to dismiss on the basis of untimely service.

**B. Failure to State a Claim**

FCM argues that the complaint fails to state a claim against it because there is no vicarious liability in a § 1983 civil rights action. Therefore, it should be dismissed as a defendant. Smith alleges he was placed in the infirmary, received unknown medications, became unconscious, fell backwards, and cut the back of his head. (D.I. 2.) Smith alleges he could not stand or walk and had to be taken by wheelchair. The prayer for relieve asks for medical care and compensatory damages.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Other than being named as a defendant, there are no allegations against FCM to suggest that it, in any way, violated Smith's constitutional rights. Indeed, the complaint fails to apprise FCM when the alleged conduct took place.

Additionally, the allegations do not rise to the level of a constitutional violation. Prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the

-4-

minimal civilized measure of life's necessities." *See id.* at 834. Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See id.* at 847.

The complaint, at the most, alleges medical malpractice, not deliberate indifference to a serious medical need. Allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Additionally, Smith's allegation that he fell backward and was injured, at the most, alleges mere negligence. Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." *See Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001). Smith's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. Accordingly, the court will grant FCM's motion to dismiss on the basis of failure to state a claim upon which relief may be granted.

### C. Medical Malpractice

FCM moves to dismiss any medical negligence claims on the basis that Smith failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Smith does not appear to allege medical negligence. However, if he does, FCM's motion is well-taken. Smith has not filed the required affidavit and, therefore, the court will grant FCM's motion to dismiss the medical negligence claim.

### D.  Administrative Remedies

FCM moves for dismissal on the basis that Smith failed to exhaust his administrative remedies prior to the filing of his complaint.  FCM argues that Smith states in his complaint he filed a grievance, but the result was "n/a".  It argues that Smith's own admission establishes that the administrative process was not complete and, therefore in the absence of proof of exhaustion, the complaint must be dismissed.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, –U.S.–, 127 S.Ct. 910 (2007).  Failure to exhaust administrative remedies must be pled and proved by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The burden is on FCM, not Smith, to prove that Smith failed to exhaust his administrative remedies.  This, it has failed to do.  Therefore, the court will deny the motion to dismiss on the basis of failure to exhaust administrative remedies.

## IV.  APPOINTMENT OF COUNSEL

Smith moves the court for appointment of counsel.  (D.I. 21.)  Smith, a *pro se* litigant

-6-

proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See*

*Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to appoint

the plaintiff an attorney, but only "upon a showing of special circumstances indicating the

likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability

without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord*

*Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate

under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and

law). Having reviewed plaintiff's complaint, it does not appear that Smith's claim has arguable

merit in fact and law. Therefore, the court will deny the motion for appointment of counsel.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant FCM's motion to dismiss on the

basis that complaint fails to state a claim upon which relief may be granted and for Smith's

failure to file a certificate of merit for any state medical negligence claims and deny it in all other

respects. Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d

Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of*

*Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). The court will deny Smith's motion for

appointment of counsel. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Sep 26 , 2007
Wilmington, Delaware

FILED

SEP 2 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL J. SMITH,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               ) Civ. Action No. 05-142-GMS
                                        )
REGIONAL MEDICAL FIRST                  )
CORRECTIONAL,  MANAGER DCC              )
ANGELA WILSON, UNKNOWN                  )
MEDICAL DOCTORS, and NURSES             )
STAFF,                                  )
                                        )
              Defendants.               )

**ORDER**

At Wilmington this 26th day of _____Sept_____, 2007, for the reasons set

forth in the Memorandum issued this date

    1. The motion to dismiss filed by First Correctional Medical (D.I. 16) is **GRANTE**D in

part and **DENIED** in part.  Amendment of the complaint is futile.  First Correctional Medical is

dismissed as a defendant.

    2. The motion for appointment of counsel (D.I. 21) is **DENIED**.



UNITED STATES DISTRICT JUDGE

FILED

SEP 2 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-8-