IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-142-GMS |
| | ) |
| REGIONAL MEDICAL FIRST | ) |
| CORRECTIONAL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 15th day of April, 2008;

The plaintiff Paul J. Smith ("Smith"), a former inmate at the Sussex Correctional Institute, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on April 20, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 3.) Now before the court are several pending motions, including a motion for leave to file, a motion to amend/correct and a motion to appoint counsel. (D.I. 25, 27, 31.)

The court will deny the motion to file response to memorandum. (D.I. 25.) Smith belatedly seeks to file a response to the motion to dismiss of the defendant First Correctional Medical, improperly named as Regional Medical First Correctional. The motion has been ruled upon and was granted in part and denied in part. *See* D.I. 24.

The court will grant the motion to amend/correct. (D.I. 27.) Smith incorrectly named the defendant as Regional Medical First Correctional and moves to substitute that name with the correct name of the defendant First Correctional Medical, LLC.

The court will deny Smith's motion for appointment of counsel. (D.I. 31.) Smith seeks

appointed counsel on the basis that he is in a disabled state and incapable of performing all functions.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

In reviewing Smith's filings, it appears that he possesses the ability to adequately pursue his claim. He has ably responded to motions and filed numerous pleadings. Upon consideration

of the record, the court is not persuaded that appointment of counsel is warranted at this time.

THEREFORE, IT IS ORDERED that:

1. The motion for leave to file is **DENIED**. (D.I. 25.)

2. The motion to amend/correct is **GRANTED**. (D.I. 27.) The Clerk of the Court is direct to correct/replace the defendant's name Regional Medical First Correctional with First Correctional Medical, LLC.

3. The motion for appointment of counsel is **DENIED** without prejudice. (D. I. 31.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE



FILED

APR 1 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE